**UNITED STATES of America,
Plaintiff-Appellee,**

v.

**Alvin WILLIS, Jr.,
Defendant-Appellant.**

No. 75–3009.

United States Court of Appeals,
Ninth Circuit.

Jan. 12, 1976.

Jerome S. Stanley, Sacramento, Cal., for defendant-appellant.

Bruce Babcock, Jr., Asst. U. S. Atty., Sacramento, Cal., for plaintiff-appellee.

OPINION

Before CHOY and KENNEDY, Circuit Judges, and WONG,* District Judge.

PER CURIAM:

On stipulated facts, Defendant was found guilty of interstate transportation of a forged security. We affirm.

He contends here that *United States v. Maze*, 414 U.S. 395, 94 S.Ct. 645, 38 L.Ed.2d 603 (1974) bars his conviction because the fruition of the alleged scheme occurred after the mails were utilized. (In *Maze*, a case under the mail fraud statute, 18 U.S.C. § 1341, the mailing occurred after the fraud was consummated so the Court held that the use of the mails had not been "for the purpose of executing such [fraudulent] scheme or artifice" as the statute required.)

Here the essential stipulated facts were that Willis knowingly and fraudu-

* The Honorable Dick Yin Wong, United States District Judge, District of Hawaii, sitting by designation.

lently deposited a forged $12,500 check drawn on a Texas bank in his California bank account knowing that the signature of the drawer was forged; and that Willis drew the money after the forged check cleared the Texas bank.

The rule of *Maze* is inapposite here. Its application is restricted to mail fraud cases—the mail fraud statute's peculiar language, i. e. that use of the mails be for the purpose of executing a fraudulent scheme, is not present in 18 U.S.C. § 2314, the statute under which Willis was convicted.

All § 2314 requires is that Defendant either transport or cause to be transported in interstate commerce the forged security knowing it was forged.

Affirmed.